

**CITY OF PHILADELPHIA**

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

**DIANA P. CORTES**
Philadelphia City Solicitor

**ANNE B. TAYLOR**
Chief Deputy City Solicitor
Civil Rights Unit
(215) 683-5381
anne.taylor@phila.gov

February 23, 2023

<u>Via ECF</u>
The Honorable Mitchell S. Goldberg
United States District Judge
United States Courthouse, Room 17614
601 Market Street
Philadelphia, PA  19106

Re:   Request for Pre-Motion Conference for Motion to Dismiss
      *Mackenzie Smith, et al., v. City of Philadelphia, et al.*, 22-5092

Dear Judge Goldberg,

I write on behalf of Defendant City of Philadelphia ("City") to request a pre-motion conference with the Court to address Plaintiffs' lack of standing to pursue, and failure to state a claim for, their alleged constitutional violations under 42 U.S.C. § 1983.

By their Amended Complaint, filed as a putative class action, Plaintiffs seek to represent a class that experienced violations of their Fourth and Fourteenth Amendment rights as a result of alleged policies and practices related to towing of vehicles in the City of Philadelphia.  However, their standing as named Plaintiffs, and their ability to state their alleged constitutional claims against the City of Philadelphia, are all undermined by the fact that nowhere in their Complaint do Plaintiffs aver facts that establish that the City was responsible for the relocation of their vehicles or that the City had and failed to provide information about the changed location of their vehicles. Maintaining a constitutional claim against an individual, let alone against a municipal actor, requires that some activity have been taken under color of state law.  As stated by the Third Circuit Court of Appeals, "[t]o establish a section 1983 civil rights claim, a plaintiff 'must demonstrate that the conduct complained of was committed by a person acting under state law and 'that the conduct deprived him of rights, privileges or immunities secured by the constitution.'" *Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255–56 (3d Cir. 1994) (quoting *Carter v. City of Philadelphia*, 989 F.2d 117, 119 (3d Cir. 1993)).

Though Plaintiffs' Amended Complaint certainly describes their frustrations with having their vehicles moved and some of their subsequent problems contesting accumulated tickets.  But it does not contain sufficient factual allegations that the City, municipal employees, and/or any private actors whose conduct could be plausible attributed to the City, were involved in the

Hon. Mitchell S. Goldberg
Page 2 of 2

moving of those vehicles or the reporting of information that might have facilitated the recovery of those vehicles after having been moved. Since this lack of factual averments of experiencing injury or activity attributable to the City undermines Plaintiffs' ability to pursue the claims brought by way of the Amended Complaint, the City respectfully requests a pre-motion conference with the Court.

Respectfully submitted,

/s/ *Anne B. Taylor*
Anne B. Taylor
Chief Deputy City Solicitor

Cc: Aarthi Manohar, Esq., via ECF
Elias Kohn, Esq., via ECF